Chief Justice Robertson
delivered the following Opinion.
Judge Ewing did not sit in this case.
On the 4th of January, 1825, the infant children of Thales Morrison being entitled to a legacy by the will of their maternal grandfather, the County Court of Warren, in which the father and children were then living, appointed him their guardian, and took his bond to the Commonwealth, with James Edmonds as surety, *224 in the penalty of one thousand dollars, with the condition that he should “faithfully discharge the duties of his office of guardian.”
A decree against the guardian and his surety, in personam, to be enforced by execution, and, in rem, to sell the land also, both at the same time — is erroneous: the decree should be monitory, in the first instance, for the defendants to pay by a given day, and upon their failure, then there may be a decree for a sale of the land.
The bond of a father appointed guardian of his own children, by a county court, when they had no authority to make such appointment, is invalid as a statutory bond: yet it may be enforced in equity, and for all the purposes for which it was intended, though the Common’th is obligee, and the wards no parties to it.
Payment to the wards’ father (illegally appointed guardian)will not exonerate the executor,unless the wards adopt the act. The executor should have a receiver appointed by a court of equity, or retain the fund till such appointment is made. And the executor remains liable, although the wards may attempt to enforce a lien on land in which their money has been invested—and is a proper party to a suit for that object.
*224 On the same day, immediately after the execution of the bond, the executor of the testator’s will surrendered to the guardian an obligation for about three hundred and eighty dollars, which he held on him in his personal right, for land of the testator, sold pursuant to the will, and bought by him for his own benefit; and afterwards, having paid him other small sums, amounting altogether to about five hundred and fifty dollars, — the legatees, as wards, brought this suit in Chancery against their father arid his said surety, alleging, among other things, the insolvency of the former, and that the land bought by him from the executor, having been paid for with their money, they were equitably entitled thereto, or to a lien thereon, and praying for a decree for the amount due them, and for an enforcement of their lien.
The father failed to answer, and Edmonds admitted most of the allegations of the bill, but denied that he was equitably liable on the bond, or that the payments by the executor, were such as should make him responsible.
On the hearing, the Circuit Court rendered a joint decree against both of the defendants in personam, for the amount supposed to be due, and at the same time directing a sale of the land by a commissioner appointed for that purpose.
The decree is certainly erroneous in authorizing, as it did, an execution for the amount decreed, and a sale also of the land. If the decree was proper in other respects, it ought to have been merely monitory as to the payment of the amount ascertained to be due, and to have reserved the power to sell the land after the next succeeding term, if, in the mean time, the debt should not, as directed, have been paid. And, as the land was bought with the money of the complainants, we have no doubt that they are equitably entitled to elect to take it, at the price paid for it, or to enforce a lien on it for the amount paid.
At the date of the bond, the County Court had no jurisdiction to appoint a guardian or receiver fox the *225 children of the living father. And therefore the bond is not a valid statutory obligation.
And, as a necessay consequence, the 'payment to the father by the executor, was no payment to the infant legatees, unless they now choose to adopt it.
But, as the bond was given for the security of the infants, as well as for the indemnity of the executor, though it is void as a statutory obligation, it may nevertheless be binding in equity, for all the purposes of its execution. And therefore the infant legatees are entitled to enforce it in a Court of Equity, although, in judgment of law, they may be deemed strangers to it.
But the executor also, is still responsible to the legatees. He paid their legacy to their father without legal authority, and,,of course, upon his own responsibility, looking for indemnity to the bond executed by Edmonds as surety. His only safe and prudent course was — either to have a receiver appointed by a court of equity, or to have retained the legacy until after one had been thus appointed.
And the original liability of the executor has not, in our opinion, been extinguished by the institution of this suit for enforcing the guardian’s bond; which, at the Utmost, can only be considered as a collateral security, in equity, to the infants, if they choose to avail themselves of it. And therefore, as the making of the executor a co-defendant would be obviously proper fop securing the ultimate rights of the defendants in error, and also for preventing multiplicity of suits, it seems to us, that it would be altogether proper yet to make him a party — especially, as we should presume that this suit was brought in the manner in which it was, in consequence only of the erroneous opinion that the payment to the father was a valid payment of the legacy, and that the executor was thereby exonerated, and as, also, Edmonds may be, and, from the facts appearing in the record, probably is, insolvent.
Wherefore, the decree is reversed, and the cause remanded, with leave to make the executor a co-defendant, if the complainants choose to do so, and for such further proceedings and decree as shall be proper, according to the foregoing opinion,