Minerva Jones et al. vs. Thomas Talbot and Mary Fox.

---

MINERVA JONES, ET AL, vs. THOMAS TALBOT and MARY FOX.

1. Plaintiff claimed under a sale by execution issued on a judgment rendered June 25th, 1835. Defendant, under a sale made under a decree rendered June 11th, 1835, on a bill to set aside a deed of trust as fraudulent and void, bearing date 3d April, 1832, conveying the land in dispute. Held : That the record of the judgment, and decree for the sale of the land, is conclusive evidence that such proceedings were had, and of all the consequences thereof, and are not *res inter alios acta*, although plaintiffs were no party to the suit.

2. The title of the purchaser under the decree, is not affected by fraud in making the deed, so set aside by the decree.

3. Nor would such title in an innocent purchaser, be affected by fraud and collusion in obtaining the decree, he not being a party thereto.

**APPEAL from Warren Circuit Court.**

WELLS, for Appellants.

LEONARD & TODD, for Appellees.

POINTS AND AUTHORITIES.

1. The decree and sale thereunder, divested the title to the land out of Talbot, and vested it in the purchaser at that sale, and the transcript of the record of these judicial proceedings was evidence against all the world of the fact of the proceedings, and of all the legal consequences of that fact.  1 Greenleaf's Ev. secs. 538, 539.  3 Phillips' Ev. (Cowen & Hill's edition,) 1821 & 1822, and cases cited.

2. The fact offered to be proved by the plaintiff, that the deed of trust which was the foundation of the decree, was made to defraud creditors, and that the person from whose judgment the plaintiff's title was derived, was a creditor of the maker of that deed at the time it was made, does not avoid the title of the purchaser under that decree.

Scott, J., delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiffs in error against the defendants, to recover the tract of land in the declaration mentioned, in which the plaintiffs submitted to a non-suit, which the court, on motion for that purpose, refused to set aside, and thereupon the plaintiffs sue out this writ of error.

The plaintiffs in error, to shew title in themselves, offered in evidence the record of a judgment rendered against Thomas Talbot at the suit of J. Vanbibber, in the Warren circuit court, on the 25th June, 1835, on which an execution issued on the 28th day of March, 1837, by virtue of which the tract of land in dispute was sold to John Jones, the ancestor of the plaintiffs, who received a deed therefor, bearing date July 24, 1837.  Thomas Talbot, the tenant in possession, formerly owned the land, and at the commencement of the suit was in the occupation of it as tenant to Mary Fox, formerly Mary Pitzer, who was made co-defendant.

The defendants in error, on their part, offered in evidence a deed of trust, executed by Thomas Talbot, to Wm. J. Talbot, on the 3d day of April, 1832, conveying to said Wm. J. Talbot, together with other property, the tract of land in dispute, for the payment of the debts in the deed mentioned.  This deed was filed for record in Montgomery county on the 4th of April, 1832.  There was also offered in evidence, the record of a suit in chancery, instituted by David Hickman, on the 14th day of November, 1832, against Thomas Talbot and others, the object of which was to set aside the deed of trust above mentioned, as being made in fraud of creditors, and to obtain satisfaction of a judgment recovered by said Hickman on the 8th day of May, 1832, in the Montgomery circuit court, against Thomas Talbot, for the sum of $934 46 debt,

besides costs, on which execution was issued, which proved unavailing, in which suit a decree was rendered on the 11th day of June, 1835, for the sale of the trust property, under which it was accordingly sold and Mary Fox became the purchaser of the tract of land now in controversy, for which she received a deed dated 14th Oct. 1835. Thomas Talbot held as tenant under Mary Fox. The plaintiffs in error objected to the introduction of the testimony offered by defendants, but the objection was overruled, to which an exception was taken. The plaintiffs then offered as rebutting testimony, to show that the deed of trust was fraudulent and void, as being made to hinder and delay creditors, amongst whom was J. Vanbibber, under whose judgment the ancestor of the plaintiffs became purchaser of the land in dispute. The court refused to let this evidence go to the jury, to which the plaintiffs excepted.

The propriety of admitting the testimony offered by the defendants, and of excluding that proposed to be given by the plaintiffs, are the questions presented for our determination. The objections of the plaintiffs in error to the admissibility of the decree in the suit of Hickman against Talbot, were, that it was *res inter alios acta;* they were not parties nor privies to the decree, and that therefore they were not bound by it; that a power of sale already existed in the trustee, by virtue of the deed of trust, and that the decree conferred no additional power or authority on him. No principle of law is better settled, than, that a judgment or decree is binding only on parties and privies, and that the rights of persons not parties nor privies to a judgment, cannot be affected by it. But for establishing the fact that a judgment has been pronounced, and all the legal consequences of such a judgment, the judgment itself is invariably not only admissible as the proper legal evidence, but is usually conclusive evidence to prove that fact, for it must be presumed that the court has made a faithful record of its proceedings. The fact that such judgment was given, can never be considered as *res inter alios acta,* being a thing done by public authority, nor can the legal consequences of such a judgment be ever so considered. This may be exemplified from the proceedings on an indictment for perjury in the trial of a cause; it is necessary to show that there was such a trial, and the record of it, although the defendant was not a party thereto, is conclusive evidence of the fact; so in an action for a malicious prosecution, the fact of the acquittal of the plaintiff, can only be shown by the record of the trial, and is conclusive on the defendant, although he was no party to the proceeding. So the fact of the existence of a judgment is shown by the production of the record

of it, and no person can object that as to him it is *res alios acta.* Green-leaf's Evidence 54.

But it is objected that the court refused to receive evidence showing that the deed of trust was fraudulent, and void between all parties to it. That the deed was fraudulent and void, may for argument's sake, be admitted. Hickman, who filed the bill to set aside the deed, and obtain a decree for a sale, in order to have satisfaction of his judgment at law, was not a party to the fraud, nor is any such pretence set up. But even if he were a party to the fraud, how can that circumstance affect the title of the purchaser under the decree, who had no notice of any fraud. It is well settled that the title of a purchaser under an erroneous judgment, will not be affected by its reversal. If the court has jurisdiction of the person, and of the subject matter of the controversy, although its proceedings may be erroneous, or irregular, a purchaser under its judgment or decree, will be protected in the enjoyment of the title which he has acquired by such means. The regularity of the proceedings cannot be questioned in a collateral action. The distinction is between void and voidable acts. Where there is no authority in the court to act when its proceedings are *coram non judice,* then they are null and void; they afford no protection to others, and can confer no rights : but when the court has jurisdiction, however erroneous or irregular its proceedings may be, they are regarded as valid and binding, until they have been reversed or annulled, by suitable proceedings instituted for that purpose ; and titles acquired by sales under them will be protected. McNair et al vs. Biddle, et al, 8 Mo. Rep. 266. Vorhees vs. Bank U. States, 10 Peters, 473. Thompson vs. Tomlin, 2 Peters, 163. Jackson vs. Bartlett, 8 John. Rep. If it be said that the complaint is not against the error or irregularity of the proceedings, but that the deed of trust which gave rise to the suit under which the sale made was fraudulent and void, how can that circumstance affect the principle ? The fact that the deed was void, shows that Hickman clearly had a right to go into equity, in order to have it set aside and obtain satisfaction of his debt ; he was no privy to the fraud; the proceedings on his part were bona fide, and a sale made under a decree rendered in his suit, would beyond all doubt confer an indisputable title on the purchaser under it. We may put a stronger case, and suppose the claim of Hickman was fraudulent, and the parties to the deed connived at the fraud, would not a sale under a decree obtained in such a proceeding give a valid title to the purchaser who was not affected with notice of the fraud? Does not the principle which protects the purchaser against any error or irregularity in the

proceedings, equally preclude an inquiry into the consideration of the judgment, or of the merits and justice of the claim on which it is founded. That a court was made the instrument of consummating a fraud between two parties, cannot affect an innocent purchaser under its decree. French vs. Shotwell, 5 John R. 555.

We cannot see the force of the objection, that the sale under which the defendant claims, might have been made by the trustee without any decree of a court. Had such been the fact, the condition of the defendant might have been changed; but as it appears that the sale was made under the decree, we do not conceive how that consideration can affect this case. It clearly appears that the sale was made in pursuance of the decree, and the recital of the fact in the notice, that it was by virtue of the deed of trust, cannot detract from the force of the recital, that it was in pursuance of the decree.

Judgment affirmed.