SHIELDS, Plaintiff in Error, v. POWERS *et al.*, Defendants in Error.

1. The title acquired by virtue of a sale under an erroneous judgment or decree is good and valid although the judgment or decree should afterwards be reversed, provided there is no stay of execution and no supersedeas at the time such sale is made.
2. A minor against whom a decree may have been rendered is not entitled, it seems, to a day in court on attaining his majority to appear and show cause against the decree.

| 29 | 315 |
|---|---|
| 124 | 55 |
| 29 | 315 |
| e176 | ²526 |
| 176 | ¹683 |

*Error to Benton Circuit Court.*

The facts of this case, so far as it is necessary to set them forth, are briefly as follows: In 1841 one Jonas Heath sold the land in controversy to one Peter Ashley. Ashley did not pay the whole of the purchase money. Both Heath and Ashley died. Heath's administrator brought suit against Ashley's administrator to recover the balance of the purchase money. He recovered judgment. He then filed a bill in chancery against Ashley's administrator and his minor heirs to subject the land to the payment of the purchase money. A guardian *ad litem* was appointed for the minor defendants, but no answer was filed for them. A decree *pro confesso* was rendered without the taking of any proof. Under this decree in 1849, a sale was had of the land and one White,

under whom plaintiff claims, became the purchaser and received the sheriff's deed therefor. This decree was afterwards reversed on a writ of error to the supreme court. On suing out the writ of error, no supersedeas had been granted. (See Heath's adm'r v. Ashley's adm'r et al., 15 Mo. 393.) Defendants claim title by virtue of a subsequent sale by Ashley's administrator for the payment of the debts.

The court gave the following instruction at the instance of the defendants: "1. The court instructs that it devolved on the plaintiff, in order to recover in this case, to prove to the satisfaction of the jury that he was entitled to the possession of the land at the time of the commencement of this suit; that in order to make out a title under the sale to Horace H. White by virtue of a decree in chancery it was necessary to show a valid decree; that the decree read in evidence is invalid, and the purchase under it by Horace H. White conferred on him no sufficient title to enable plaintiff to maintain this action against these defendants or either of them; and though the jury may believe all the evidence introduced by plaintiff in this cause, they will find a verdict for defendants."

Instructions asked by plaintiff were refused. Plaintiff took a nonsuit, with leave, &c.

*Johnson & Ballou*, for plaintiff in error.

I. It was contended, among many other points, that the instruction given was erroneous; that at the time White acquired title under the decree it was not void, but a valid decree in full force and unreversed; that its reversal afterwards in nowise affected the title acquired at the sheriff's sale. (8 Mo. 257; 9 Mo. 121; Sugd. on V. 61; Sch. & Lef. 565; 2 Bro. 248; 16 Mo. 173; 4 Mo. 253; 19 Mo. 425; 7 Mo. 426; 10 Pet. 473; 2 Pet. 163; 8 Johns. 361; 17 Mo. 71.)

*Freeman, Ryland & Son*, for defendants in error.

I. The decree under which White purchased was invalid and of no effect. It was taken *pro confesso* against minors

without plea, answer or proof. (8 Ohio, 377; 8 Blackf. 300; 6 Sm. & Marsh. 61; 15 Mo. 393; 18 B. Monr. 666, 779; 16 B. Monr. 289.) No day in court was given to the infants. (8 Ohio, 377; 1 Harr. Ch. P. 425; 11 Mo. 421.) Being invalid as to the infant heirs, it was invalid as to all, for a judgment is an entirety. (5 Leigh, 460; 11 N. H. 299; 12 Johns. 434; 5 Wend. 161.) The instruction given was proper. The judgment against the infants was not merely erroneous; it was irregular and void. (See 15 Johns. 121; 1 Gow. 735; 3 Wils. 341; Cro. Jac. 464; 1 Hale P. C. 24; 13 Mo. 458; 7 Mo. 426.)

SCOTT, Judge, delivered the opinion of the court.

This record presents a case of great hardship on the infants whose lands have been sacrificed under an erroneous decree; but when we see that they are not to be benefitted by the result of this suit, whatever it may be, our regret at the want of conformity to law in the proceedings by which they were deprived of their inheritance is much diminished, as their rights, whatever they were, have all, by process of law, been conveyed to opposing claimants, those claiming against the erroneous or invalid proceedings being purchasers for an inconsiderable sum at an administrator's sale made for the payment of the debts of the ancestor of the infants.

The erroneous judgment, under which the infants' lands were sold, was brought up to this court and reversed on a writ of error, but no supersedeas having been applied for or obtained pending the writ of error, the land was sold to one under whom the plaintiff claims. Now we know of no principle by which we can distinguish this case from all others in which an erroneous judgment is reversed on error. In such cases a sale under execution before the reversal passes title to the thing sold, and those who have been deprived of their property by the sale must look to a restitution of the fruits of it only. All the cases referred to by the defendants, in which it was held that decrees taken against infants for want of an answer, *pro confesso*, were erroneous and void, were

original suits in which the regularity of the proceedings in obtaining or proceeding to judgment were reviewed. They were cases on appeal or standing for judgment, and not collateral suits, as this is, brought to declare as nullities the proceedings in an original suit. We do not see a distinction taken between the reversal of judgments against infants and those against adults. The case of Wyatt v. Mansfield's heirs, 18 Ben. Monr. 779, is an anomalous one and founded on statutes with which we have no familiarity.

In this case, it seems, the minors were served, and guardians *ad litem* appointed, who never consented to act, and the bill was taken as confessed against the minors ; and without any proof a decree was rendered against them. Before, however, any final decree was rendered, a guardian *ad litem* appeared and objected to a decree without proof, but his objection was overruled.

If the not giving a minor a day after his attaining his majority was error, we do not distinguish it from any other error for which a decree might be reversed. Perhaps in such cases, as a minor was entitled to it, he would be allowed the benefit of it whether it was granted him or not. But the answer to this objection is that, as our law now seems to stand, the minor has no such right in any case. The case of Ruby v. Strother, 11 Mo. 417, was overruled by the case of Creath v. Smith, 20 Mo. 113, concurred in by a majority of the court.

Reversed and remanded ; the other judges concur.