JANE W. MITCHELL, Defendant in Error, *v.* NORMAN W. BLISS AND WILLIAM MITCHELL *et al.*, Plaintiffs in Error.

1. *Administration — Sales — Requirements of statute must be complied with.* —
The statute (Wagn. Stat. 98, § 33) which requires that proceedings concerning administrators' sales of real estate shall be reported to the court at the next term of the court after such sale, must be strictly complied with, or the sale will be held irregular and void. (Speck v. Wohlien, 22 Mo. 310; Strouse v. Drennan, 41 Mo. 289, cited and affirmed.)

*Error to Fifth District Court.*

*Broaddus & McFerran*, for plaintiffs in error.

The title of defendants in error to the land in controversy is through the deed of the administrator. But the report of the sale by the administrator was not made to the next term of the court, but at the same term, and thereupon conveyed to the defendants in error no title. (Strouse v. Drennan, 41 Mo. 289; Sess. Acts 1865, p. 86, §§ 1, 11.)

*L. T. Collier* and *Turner*, for defendant in error.

I. The plaintiffs in error can not properly question the regularity of any of the proceedings attending such sale, inasmuch as their pretended title in the premises was obtained through fraud and with full notice of the equities of defendant in error, as charged in the petition. (10 Pet. 473; 15 Ohio, 703; 2 How. 319.)

II. As to the time the sale was approved, see 16 Mo. 9; 19 Mo. 45; 22 Mo. 310; 36 Mo. 512; 41 Mo. 294.

BLISS, Judge, delivered the opinion of the court.

The petition states that Robert W. Mitchell died, the equitable owner of certain real estate, for which he held a title bond from defendant Bliss; that the interest of said Mitchell was sold by his administrator for the payment of his debts, and purchased by the plaintiff; that the said Bliss, instead of conveying the title to the purchaser, conspired with the other defendants to defraud her, and, without consideration, executed to them a quit-claim deed of the premises; and the petition asks that said deed be canceled and that the title be vested in her. In setting out the sale the petition shows that the administrator failed to comply with section 33, chapter 122, Gen. Stat. 1865 (Wagn. Stat. 98), which expressly requires that the proceedings shall be reported to the court "at the next term of the court after such sale;" but, on the other hand, the order was made and the sale reported and

approved at the same term of court. To this petition the defendants demurred, but the demurrer was overruled and judgment given upon it.

Upon the main question raised by the demurrer there can be no doubt whatever. The sale was irregular; the express requirement of the statute was disregarded — a requirement that has always been held by us to be a material one and essential to the validity of the sale. (Speck v. Wohlien, 22 Mo. 310; Strouse v. Drennan, 41 Mo. 289.) But the plaintiff claims that the defendants have no right to raise that question; that it is admitted by the demurrer that Bliss, the original vendor, conveyed the title to the other defendants to prevent the plaintiff from obtaining it, and that the heirs are alone interested in disputing the plaintiff's right. Suppose, under the petition, we treat the deed of Bliss as a nullity, in what condition, then, would the plaintiff stand? Simply as presenting a petition for specific performance. She claims that she has purchased the equity and is entitled to a conveyance. If she has not purchased it she has no standing whatever in court, and has no right to the relief she seeks. The decree below gives her the legal title, while all the cases hold that the legal title can not pass by a sale like the one under which she claims. It could only have been rendered upon the assumption that a court of equity will correct substantial errors in the execution of statutory power for the conveyance of land, which is never done. The statute provides for the sale of the interest of the deceased, and it makes no difference whether that be his legal title or a right to obtain such title. Whatever interest he had passes by the sale if the statute is followed. Not being followed in this case, for reasons fully stated in the cases above cited, we must hold that the plaintiff did not purchase the equity and is not entitled to relief.

The other judges concurring, the judgment will be reversed and the cause remanded.