THE STATE OF MISSOURI, TO USE OF LUCY W. PERRY *et al.*, Defendant in Error, *v.* GEORGE TOWL *et al.*, Plaintiffs in Error.

1. *Courts, Probate — Sale of lands, report of at same term — Impeachment of — Writ of error.*—In case of a sale of land under an order of Probate Court, the title does not pass until the report of the sale and its approval. The proceedings are a nullity, and no title passes if the report is made and the sale approved at the term when the order issued. But in proceedings before the Circuit Court the rule is different. And notwithstanding such premature report, the title will pass until the sale be set aside on appeal, or by direct proceedings instituted for that purpose. The reason for the distinction is based on the fact that where the report is approved in advance of its lawful return, the action of the Circuit Court can, and that of the Probate Court cannot, be reviewed by writ of error.

### Error to Second District Court.

*G. I. Van Alen*, for plaintiffs in error.

The court erred in allowing the pretended deed from French, as guardian of said minors, to be read in evidence. The report of commissioners, the order of sale by the court, the report of sale, and the sale and conveyance all having been made at the same term of court, the proceedings were void and did not affect the title of the infants to said land. (Sedgw. Stat. and Const. Law, 349, 351; 2 How., U. S., 319; 22 Mo. 310; 4 Wheat. 395; Strause v. Drennan, 41 Mo. 289.)

*Wingo & Relfe*, for defendant in error.

I. This case differs from an administrator's sale very materially, because there the law expressly provides that the report shall be made in a certain manner and at the next term, and, if not approved, to be void. The law governing this sale does not include the idea of a report of sale to be made at a subsequent term, nor does it say the sale shall be void if not approved.

II. The order of sale, approval and report, like that in a partition suit, is a final judgment and cannot be collaterally attacked. (Latrielle v. Dorleque, 35 Mo. 233.) This was a proceeding *ex parte*, the court had jurisdiction, and its final

determination cannot here be impeached. (Perryman v. State, 8 Mo. 208; McNair v. Biddle, 8 Mo. 257–264; 10 Pet. 472; 17 Mo. 71.)

III. If the sale is even void, and conveyed no title to the purchaser, yet the guardian has received $1,500 of the purchase money from grantee for the infants, which they would have to refund if they recovered the land. They cannot have both land and money, neither the whole nor part of both. If they elect the land they must refund; if they elect the money they are entitled to recover in this action, because the amount so claimed by them having been invested by their guardian, his sureties are liable. The privilege of infancy is a shield, not a sword. They cannot have the benefit of a contract on the one side without returning the equivalent on the other. (2 Kent's Com. 240; 15 Mass. 345; Badger v. Phinney, 1 N. H. 73; Roberts v. Wiggins, 7 Cow. 179; Roof v. Stafford, 6 N. H. 339; Smith v. Evans, 5 Humph., Tenn., 70; Heath v. Stevens, 48 N. H. 251; 1 Am. Lead. Cas. 116; Tyler on Inf. and Cov., §§ 37–8; Jones v. Stanton, 11 Mo. 433; Owen v. Rector, 44 Mo. 389; Hillyer v. Bennett, 3 Eden's Ch. 222.)

BLISS, Judge, delivered the opinion of the court.

One George R. Richards, deceased, was guardian of the estate of plaintiff Lucy W. Perry and others, and, as such guardian, presented a petition to the Circuit Court for an order of sale of the real estate of his wards, under sections 34 and 35, chapter 116, Gen. Stat. 1865 (Wagn. Stat. 677), and the defendants became his sureties upon the bond required by section 35. He sold the property for $7,000, for $1,500 of which he failed to account, and died insolvent. This suit is brought for the use of his wards against his sureties, and they claim exemption from liability upon various grounds, but principally because, as they allege, the proceedings upon which the sale was had were void and no title passed by the sale, and hence the infants have no claim to what was paid over to their guardian.

It appears that the guardian made report of the sale of the land at the same term of the Circuit Court at which the order of

sale was made. I see no other irregularity of importance, and defendants' counsel seem to rely mainly upon this to sustain their claim. Defendants acknowledge that the land was sold, and that they became specially obligated to see to the faithful application of the money. It hardly becomes them to now say that it was not properly sold, and the purchaser not complaining, that the minors are not entitled to the money received for their use. But we do not say that, if the proceedings were void, the defense would not be a good one, but will only consider the question of their validity until reversed by a direct proceeding.

It has always been held by this court that in an order of sale by a Probate Court, the title does not pass until the report of the sale and its approval, and that the proceedings are a nullity and no title passes if the report is made and the sale approved at the term when the order issued.

This matter is thoroughly discussed in Strause v. Drennan, 41 Mo. 289 ; and in an action of ejectment by the minor after arriving at majority, a previous sale by his guardian was held for naught, partly for the reason that the report of the sale was confirmed at the term at which the sale was made. The court, however, distinguishes between courts of limited jurisdiction, like courts of probate, and those of general jurisdiction, and exercising it according to common-law rules, the reason for which distinction I will hereafter consider. In Roberts v. Casey, 25 Mo. 584, although no report and approval of the sale were required in the act then under discussion, Judge Napton acknowledges "that if the title of the purchaser depended on the approval and sanction of the court, there could of course be no title anterior to such approval," and says that "the sales of administrators under the statute are of this character." In Speck v. Wohlein, 22 Mo. 310, the court refused relief against a defective execution of a statutory power, the defect consisting chiefly in the fact that the administrator, under whose sale the plaintiff claimed, had reported the same at the same term at which it was made, but acknowledged that the defect was radical. While, ordinarily, proceedings in a court cannot be impeached collaterally, and only, if at all, by a direct proceeding for the purpose, yet it is

otherwise with radical errors in the Probate Court; for if the approval is made at the wrong term, the party who has a right to object, and to appeal if not satisfied, is not in court and is not required to be there.  He may never have in fact appeared, and yet he is supposed to know of the sale, and knows the proper time for its return and approval.  Of that time he has constructive notice at least, and has no notice of any other time, and opportunity is given him to appeal if not satisfied.  But if the sale is approved in advance of its lawful return, it is done without notice, actual or constructive; he cannot appeal, and is without remedy, for error does not lie to the Probate Court.

The general subject has been more fully considered in Caldwell v. Lockridge, 9 Mo. 358, although the proceeding reviewed was different.  It was there held that a judgment in the Probate Court without notice was utterly void, and not merely erroneous, the above reason being given.  Judge Scott in the last case quotes from the opinion in Smith v. Rice, 11 Mass. 507, in which a distinction is made between judgments in Probate Courts and those in courts of general common-law jurisdiction, and the reason for such distinction is there clearly stated.  It appears that by the law of Massachusetts, courts of probate had the right in certain cases to make partition of lands; and the law required that the court should appoint guardians for minors, and discreet persons to represent non-residents, to appear and act for such minors and non-residents in the proceeding.  This preliminary requirement had not been complied with, and the court held the proceeding a nullity, and expressly based their opinion upon the ground that no writ of error lies to the Probate Court; and, by not being represented in the proceeding or having notice, no opportunity was given for appeal.

The authorities, then, that seem to contradict the general principle that judgments cannot be impeached collaterally, do not apply to the case under consideration.  This was a proceeding in the Circuit Court, to all final judgments of which court a writ of error lies as a writ of right.  If the wards of the guardian for whom defendants became sureties do not choose to abide by his action in the sale of their lands, they may, by a direct proceeding,

call its legality in question. A premature report and confirmation of sale, if actually had, deprives them of no right to have the action reviewed; and if they were thus cut off from the right of appeal, they are not cut off from their other remedy, equally effectual.

It does not become necessary to give any opinion as to the regularity of the proceedings now sought to be collaterally impeached. Such opinion can only be authoritatively given in a direct proceeding to review them. The Circuit Court refused to permit them to be brought in question in this case, and in such refusal committed no error.

Several other questions are raised by counsel, but they either are not involved in the record, or the positions taken are not sustained by the law, and it is unnecessary to consider them in detail.

Judgment affirmed. The other judges concur.