Castleman et al. v. Relfe, Guardian of Perry et al.

SALLIE B. CASTLEMAN *et al.*, Defendants in Error, *v.* W. S. RELFE, GUARDIAN OF SAM. PERRY *et al.*, Plaintiff in Error.

1. *Guardian and ward — Infants — Sale of lands, petition for — Judgments — Evidence.* — The fact that a petition for the sale of lands belonging to an infant is not sworn to, does not make the judgment had thereon void. At best it would only be cause for reversal.

2. *Guardian and ward — Circuit Court — Jurisdiction — Sale of lands — Evidence.* — In an application to a Circuit Court for the sale of lands of infants the court has jurisdiction, and the presumption is that its orders are based upon sufficient testimony. If the evidence is totally insufficient, this would simply constitute an error in the proceedings of the court rendering it; but the judgment would be valid until reversed, annulled or set aside in the proper manner.

3. *Lands, sale of under orders of court — Probate Court — Circuit Court — Approval of report of sale.* — In case of the sale of lands under an order from the Probate Court, the title does not pass until the report of the sale and its approval, and the proceedings are a nullity and no title passes if the report is made and approved at the same term that the sale is made. But in proceedings before the Circuit Court the rule is different. There, notwithstanding such premature report and approval, the title will pass and be good until the sale be set aside or reversed in a direct proceeding for that purpose.

4. *Courts, Circuit — Jurisdiction — Irregular proceedings, when valid.* — The Circuit Court is a court of general jurisdiction, and when it has acquired jurisdiction, however erroneous or irregular its proceedings may be, they are regarded as valid and binding until they have been reversed or annulled by suitable proceedings instituted for that purpose; and titles acquired by sales under them will be protected.

5. *Sales under judgments —* Bona fide *purchaser protected, even if under an erroneous judgment.* — If a sale takes place under an existing judgment, the *bona fide* rights of a stranger acquired under it will not be affected though the judgment be subsequently reversed.

*Error to Washington Circuit Court.*

*Reynolds & Relfe,* for plaintiff in error.

I. In the case of The State, etc., v. Towl *et al.*, 48 Mo. 148, the point was directly made that the same deed from French to Mrs. Castleman was void because made under an order of sale where the report of the sale and the sale and the conveyance were all made at the same term of court. In that case the court holds that because the proceedings in regard to the sale now under consideration were had in a court of general jurisdiction they are not void, and the court will only examine into their validity when, in

an action by the proper parties and by a direct proceeding, their legality is called in question.

II. The sale and approval was had in a court of general and not of limited jurisdiction, and the following authorities all recognize the distinction: Valle v. Fleming, 19 Mo. 454; Speck v. Wohlein, 22 Mo. 310; The State, etc., v. Rogers *et al.*, 36 Mo. 138; Strouse v. Drennan *et al.*, 41 Mo. 289; Fithian v. Monks *et al.*, 43 Mo. 522; Mitchell v. Bliss *et al.*, 47 Mo. 353.

III. The order approving the sale having been made by a court having jurisdiction of the subject-matter and of the parties, it can only be revoked or examined into when attacked by (1) the proper parties (Davidson v. Lindsay, 16 Ind. 186; The State, etc., v. Towl *et al.*, 48 Mo. 148), and (2) in a direct proceeding. (Perryman v. The State, etc., 8 Mo. 208; *id.* 257, 264; Landes v. Perkins, 12 Mo. 238; Draper *et al.* v. Bryson, 17 Mo. 71; *id.* 442; Latreille v. Dorleque, 35 Mo. 233; Thompson v. Tolmie, 2 Pet. 472; 10 Pet. 472; 6 Pet. 729; 2 How., S. C., 341; Jackson v. Bartlett, 8 Johns. 361.)

IV. The bill contains no equity for the following reasons: (*a*) If the deed is void, there is a complete failure of consideration, and the parties have an ample defense at law to the notes. (Sto. Eq. Jur., §§ 694, 700*a;* 2 Kent, §§ 473–4.) (*b*) There is no allegation of accident or fraud, nor of mistake except as to law; and without such allegation and proof, equity will not aid. (Kerr on Injunc., § 53.) (*c*) Mere allegation of failure of title where one is in possession of land, and no eviction had, does not entitle him to recover or to detain the purchase-money. (Abbott v. Allen, 2 Johns. Ch. 519; 1 Johns. Ch. 213; 5 Johns. Ch. 79; Patton *et al.* v. Taylor *et al.*, 7 How., S. C., 132; Noonan v. Lee, 2 Black, 499; Kerr on Injunc., §§ 54, 55; Kerr on Fraud, 401, 402, 407, 408; Rawle on Cov., ch. 13.) (*d*) If the order approving the sale were set aside, plaintiffs would be in no danger of losing the land. (Draper *et al.* v. Bryson, 17 Mo. 71; Shields v. Powers, 29 Mo. 315; Harris *et al.* v. Chouteau *et al.*, 37 Mo. 165; Thompson v. Tolmie, 2 Pet. 157; Voorhees v. Bank of U. S., 10 Pet. 474; Grignon's Lessee v. Astor, 2 How., S. C., 343; Gray v. Brignardello, 1 Wall. 634.)

V. The infant affirms the sale. He is the only one who can avoid it. (2 Kent, §§ 237–38 ; Ward v. Steamboat Little Red, 8 Mo. 358 ; Ferguson *et al.* v. Bell's Adm'r, 17 Mo. 351.)

*John L. Thomas & Bro.*, for defendants in error.

I. The sale made by the guardian to plaintiffs being void, they had no remedy except by a proceeding in equity to have the notes delivered up to be canceled, and to recover back the amount of the cash payment. (Holbrook v. Sharpey, 19 Ves. 131 ; Byne v. Vivian, 5 Ves. 604 ; 2 Sto. Eq., §§ 700–702 ; Dupius v. Edwards, 18 Ves. 358 ; Underhill v. Horwood, 10 Ves. 218.)

The rule that a vendee, having taken a deed for land with covenants of warranty and gone into possession, cannot before eviction evade the payment of the purchase-money or recover back any amount he may have paid, does not apply here, for there was no covenant of warranty, nor indeed could there be, as the owner of the land was and is yet a minor.

II. The court, having acquired jurisdiction, will retain the case until ample and complete justice be done, and will proceed to take an account. (Keeton v. Spradling, 13 Mo. 321 ; 2 Sto. Eq., §§ 699, 700 ; 1 Sto. Eq., §§ 64, 69 ; 5 Mo. 6 ; 8 Ves. 143 ; 2 Ves. 122 ; Rozier v. Griffith, 31 Mo. 171.)

III. The sale made by French, as guardian of Perry, was void. 1. Because the petition for the sale of the land was not verified by the guardian himself, but his attorney. (Gen. Stat. 1865, ch. 116, §§ 29, 35 ; Strouse v. Drennan, 41 Mo. 289 ; Gen. Stat. 1865, ch. 122, § 22.) 2. It does not appear from the record or proceedings in that behalf that the petition was ever presented to or heard by the court, nor do the orders of the court show why the land was sold. This should affirmatively appear. (Gen. Stat. 1865, § 34, ch. 116.) 3. The report was not sworn to as required by statute. (Gen. Stat. 1865, ch. 122, § 33.) 4. The report of sale was made and approved at the same term of court at which the sale took place. (Speck v. Wohlein, 22 Mo. 310 ; Strouse v. Drennan, 44 Mo. 289 ; Mitchell v. Bliss, 47 Mo. 351 ; Highly v. Barron, 49 Mo. 103.)

IV. This sale being void, and no title having passed to Mrs.

Castleman, the parties should be restored as nearly as possible to their original situations respectively, and the Circuit Court should have proceeded as it did to take an account of the money paid, rent of the premises, taxes paid, and improvements made, and to render judgment according to the finding. (Holbrook v. Sharpey, *supra*, and authorities cited; Byne v. Vivian, 5 Ves. Jr. 604, and cases cited; Bromley v. Holland, 7 Ves. 24; Weddel v. Lynam & Jones, 1 Esp. 309.)

WAGNER, Judge, delivered the opinion of the court.

In 1867, George R. French, who was then the guardian of Samuel N. and Lucy W. Perry, minors, presented to the Circuit Court of Washington county a petition, as such guardian, for an order of sale of certain real estate of his wards, on the ground that it was greatly to their advantage and interest to have the same sold. At the return term, the court appointed commissioners to appraise the real estate, who, at the succeeding term, made their report, which was approved by the court, and the guardian was ordered to sell the premises. He did sell, and at the same term the sale was approved by the court; and on the following day he executed a deed for the land to Mrs. Castleman, the plaintiff, who was the purchaser. One installment of the purchase-money was paid down, but the greater portion was retained by the purchaser, she giving a deed of trust on the land to secure its payment.

French afterwards died, and Relfe, the defendant, was appointed his successor in the guardianship. The notes for the purchase-money are now due, and the defendant is the holder of the same.

This proceeding was commenced by the plaintiffs, and asked to have the notes delivered up and canceled, for an injunction against the trustee to restrain him from their collection, and for a judgment to recover back the money paid, on the ground that the proceedings by French, in the matter of procuring the judgment, and the sale and report, were irregular and void, and that the conveyance passed no title.

The Circuit Court rendered a decree in accordance with the prayer of the petition, and the defendant sued out his writ of error.

It is insisted that the irregularities were so apparent, in the pro-

ceedings by the guardian for the sale of the land, that the judgment was absolutely void. The guardian regularly presented his petition, but it was sworn to by his attorney. There is no statement in the record that the court examined any witnesses and found any facts, and the sale was approved at the same term at which it was made. But there is a final judgment of the court, ordering the sale, and an approval of the acts of the guardian thereunder.

The statute authorizes the Circuit Court to order the sale of an infant's lands, when it will be advantageous and to the infant's benefit to do so ; and to obtain such order, the guardian may present to the court a petition setting forth the facts and circumstances on which the petition is founded. It is the duty of the court then to hear evidence ; and, if it is satisfied it will be for the benefit of the infant to have the land sold, it may then make such an order as it considers suited to the case, subject to the provisions of the law in relation to the sale of real estate of minors. (Wagn. Stat. 677, §§ 34–5.)

That the petition was not sworn to by the proper party, will not make the judgment void. It may have been an error in the proceeding, but at best it would only be cause for reversal. So, in regard to the fact that it is not stated on what testimony the judgment was rendered ; the court had jurisdiction of the cause, and the presumption is that its orders and judgments were based upon sufficient testimony. It would make no difference that the court erred, and that the evidence upon which the judgment was founded, was totally insufficient. That would simply constitute an error in the proceedings of the court rendering it. But the judgment would be valid until reversed, annulled or set aside in the proper manner. The evidence is no part of the judgment ; and whether it was rendered upon sufficient or legal evidence, or any evidence, can only be inquired into by a direct proceeding. The evidence does not confer jurisdiction upon the court ; it is merely the means by which the conclusion is arrived at. (Dilworth v. Rice, 48 Mo. 124.)

Will the fact that the court approved the sale at the same term at which it was made, in this case, make the proceeding void ?

This very case was here once before, between different parties. (State, to use of Perry, v. Towl *et al.*, 48 Mo. 148), and the rule was laid down and the distinction taken that, in case of a sale of lands under an order of the Probate Court, the title does not pass until the report of the sale and its approval, and that the proceedings are a nullity and no title passes if the report is made and approved at the same term that the sale is made. But in proceeding before the Circuit Court the rule is different. There, notwithstanding such premature report and approval, the title will pass and be good until the sale be set aside or reversed in a direct proceeding for that purpose. The reason for the difference is based on the fact that where the report is approved in advance of the lawful return, the action of the Circuit Court can, and that of the probate cannot, be reviewed by writ of error. This distinction will be found to underlie and furnish the principle on which the cases rest. (Valle v. Fleming, 19 Mo. 454; Robert v. Casey, 25 Mo. 584; Speck v. Wohlein, 22 Mo. 310; Strouse v. Drennan, 41 Mo. 289; Bogarth v. Caldwell Co., 9 Mo. 358.)

The Circuit Court is a court of general jurisdiction, and when it has acquired jurisdiction, however erroneous or irregular its proceedings may be, they are regarded as valid and binding until they have been reversed or annulled by suitable proceedings instituted for that purpose, and titles acquired by sales under them will be protected. (Jones v. Talbott, 9 Mo. 123; Coleman v. McAnulty, 16 Mo. 173; Chouteau v. Nuckolls, 20 Mo. 442; Shields v. Powers, 29 Mo. 315; Fithian v. Monks, 43 Mo. 522.)

In Shields v. Powers, *supra*, the court say: "The erroneous judgment under which the infant's lands were sold was brought up to this court, and reversed on a writ of error, but no *supersedeas* having been applied for or obtained pending the writ of error, the land was sold to one under whom the plaintiff claims. Now, we know of no principle by which we can distinguish this case from all others in which an erroneous judgment is reversed on error. In such cases a sale under execution, before the reversal, passes title to the thing sold, and those who have been deprived of their property by the sale must look to a restitution of the fruits of it only." And such is the general rule. If a sale

takes place under an existing judgment, the *bona fide* rights of strangers, acquired under it, will not be affected, though the judgment be subsequently reversed. (Gott v. Powell, 41 Mo. 416.)

The judgment in this case is a valid and subsisting judgment. It has not been reversed nor set aside by any proceeding instituted for that purpose. It cannot, therefore, be impeached collaterally. The plaintiff acquired a good title by the sale under it, and she is consequently liable for the payment of the notes.

The judgment of the court below must be reversed and the petition dismissed. Judge Adams concurs. Judge Bliss absent.