SIMS *et al., Plaintiffs in Error* v. GRAY.

1. **Deed**: COPY AS EVIDENCE. A certified copy of an administrator's deed is not admissible in evidence, when the original is in the possession of the party offering the copy, although it is not offered as evidence of title, but only for the purpose of proving the sale by the administrator and the purchase by himself.

2. **Ejectment**: VOID ADMINISTRATOR'S DEED: EQUITY: PLEADING. When a defendant in ejectment, holding under a deed made by the

administrator of plaintiff's ancestor, admits that the deed does not convey the legal title, he cannot bar the plaintiff's recovery by showing that he paid the purchase money, that the administrator applied it in payment of the debts of the estate, and that he has since paid the taxes and made lasting improvements on the land; but these facts entitle him to have an account taken, and to have the sum found to be due him declared a lien upon the land.

An answer setting up this defense and not praying such relief, is defective.

3. **An Administrator's Deed** is not void by reason of the fact that the sale was reported to and approved by the court at the same term at which it was made, (*following Johnson v. Beazley*, 65 *Mo.* 250).

*Error to Butler Circuit Court.*—HON. R. P. OWEN, Judge.

The answer was framed on the theory that the administrator's deed was void, because the sale was reported and approved by the probate court at the same term at which it was made, according to the former rulings of this court.

*Crumb & Brown* for plaintiffs in error, urged that there was no prayer for any relief whatever, while a prayer for some relief, general or special, must be stated, and is an essential part of the answer, citing *Rutherford v. Williams,* 42 Mo. 23; *Peyton v. Rose,* 41 Mo. 262; *Miltenberger v. Morrison,* 39 Mo. 78.

*S. M. Chapman* for defendants in error, insisted that the court had power under Sec. 12, p. 1054, Wag. Stat., to grant defendant any relief consistent with the case made. *Northcraft v. Martin,* 28 Mo. 469; *Easley v. Prewitt,* 37 Mo. 361. Beside Gray is not a plaintiff seeking affirmative relief. He is seeking to defeat plaintiff's action by establishing certain facts.

HOUGH, J.—This was an action of ejectment brought by the plaintiffs as heirs at law of William Sims, for the recovery of certain lands of which he died seized. The defendants in their answer admitted the plaintiffs' legal title, but averred that said lands were, in October, 1867, sold at administrator's sale, for the payment of the debts of said

William Sims ; that the defendant, Gray, became the purchaser at said sale, paid the purchase money, which was used to pay the debts of the estate, received a deed from the administrator, went into possession thereunder, and has since occupied and cultivated the land, having in the meantime paid the taxes and made lasting and valuable improvements thereon. The answer further averred that the plaintiffs had not returned, nor offered to return, to the defendant, the purchase money paid by him, nor to compensate him for the improvements he had made upon the land. It appears from the record that the report of sale was made by the administrator and approved by the court, at the same term at which the sale was made.

A certified copy of the administrator's deed was offered in evidence by the defendant, not with a view of showing title in himself, but for the purpose of proving the sale and his purchase. The copy offered was properly excluded by the court, as it appeared that the original was in existence, and under the control of the defendant.

The remaining facts set up in the answer, were fully established by the testimony. These facts were pleaded in bar of a recovery, and not simply as conferring an equity upon the defendant. The case was tried by the court without the aid of a jury, and a general judgment was rendered for the defendant. In pleading such an equity as is here set up, to an action of ejectment in which the plaintiff's legal title is confessed, the answer should contain a prayer that an account be taken, and that the sum found to be due the defendant should be declared to be a lien upon the land; and the judgment of the court should be that the plaintiff should have possession upon paying the defendant the sum so found to be due. This was not done in the present case, and in this particular the answer of the defendant was defective. The facts stated constituted an equity in the defendant, but did not amount to an equitable estoppel which would bar a recovery. *Evans v.*

*Snyder,* 64 Mo. 518; *Jones v. Manly,* 58 Mo. 563. Cases might arise in which the heirs would be precluded from any recovery. On the case made, the judgment of the circuit court was erroneous.

It may be proper to remark that if the defendant had introduced the administrator's deed, the judgment might be upheld, notwithstanding the fact that the sale was reported and approved at the same term at which it was made. When the petition for the sale of the real estate was filed and publication was made, notifying all persons interested in the estate that, on a day named, an order for the sale thereof would be made, unless cause to the contrary should be shown, the heirs were in court; and no other or further notice was required, by law, to be given to them of any subsequent proceedings in the cause. The court was a court of record, having complete jurisdiction of the subject matter of the proceeding, and while such jurisdiction must be exercised according to law, yet if the court exceeds its powers under the law, and disregards the statutory requirements established for its guidance, its acts may be irregular or erroneous, but they will not be void. *Johnson v. Beazley,* 65 Mo. 250. A judgment rendered after notice, but sooner than it should have been rendered according to the rules of law, or the practice of the court, is simply an irregular judgment, and may be set aside on motion, in any court of record, at a subsequent term. 2 Wag. Stat., 1,062, § 26; *Branstetter v. Rives,* 34 Mo. 318; *Lawther v. Agee,* 34 Mo. 372; *Harkness v. Austin,* 36 Mo. 47. This remedy seems to have been overlooked in the cases of the State to the use of *Perry v. Towl,* 48 Mo. 148, and *Castleman v. Relfe,* 50 Mo. 583, where it was clearly applicable, and also in the cases of *Strouse v. Drennan,* 41 Mo. 289, and *Mitchell v. Bliss,* 47 Mo. 353. The judgment of the circuit court will be reversed and the cause remanded. All concur.

REVERSED.