## RANKIN, &c. v. PERRY, ADM'R.

1. A presented a claim against the administrator of B, in the county court, and the county court giving judgment against him, he took a writ of error from the circuit court, by which circuit court the judgment of the county court was reversed, and the suit remanded. Held, that this decision of the circuit court was such an one as could be appealed from.

2. The error assigned by the plaintiff in the circuit court was, that he (*the plaintiff*) had not filed an affidavit, in pursuance of the 9th sec. of the 4th art. of the administration act. If this be error, though it does not follow from the silence of the record, inasmuch as the oath required by the act might have been administered *ore tenus*, and consequently would not appear on the records, it is clearly such an one as the *plaintiff* could not complain of, and only showed that the county court properly disallowed the claim. Judgment of the circuit court reversed with costs.

*P. Cole,* counsel for appellee:

There was error in the judgment of the county court, and the circuit court, therefore, did not err in reversing the same, for the following reasons:

1. There was no affidavit or oath made or filed in the county court, upon the exhibition of demand by Perry, as administrator, as required by law.

2. The judgment given against Perry, administrator, is a judgment against him personally, and not in his representative character.

3. The county court had no legal power to render a judgment against Perry, administrator, for costs. As to jurisdiction, see Odle v. Clark, 2 Mo. Rep. 12; Jones v. Reed, 1 John. Cases, 20; 1 Mo. Rep. 751. As to judgment, see McLaughlin v. McDonald, 1 Mo. Rep. 684; and as to the power of the county court to give judgment for costs, see Mo. Laws, titles "Administrations," "Costs," "Judgment," and "Decree."

*J. S. Brickey,* counsel for appellant:

The circuit court erred in refusing to dismiss the writ of error and the cause, for the following reasons:

1. Because the writ of error in this case is unauthorized by law, and the party might have taken an appeal.

2. Because no writ of error lies in probate causes from the circuit to the county court.

3. Because the circuit court has no jurisdiction of the case—8th sec. 5th art. of the Constitution; Matson v. Dickerson, 2 vol. Mo. Rep. 340; Digest, 570, sec. 2; do. 63, sec. 1; do. 63, sec. 2.

McGIRK, Judge, delivered the opinion of the court.

Perry, as administrator of Ennis, presented a claim against Rankin & Honey, the representatives of Honey,

SEPT. TERM,
1838.

Rankin, &c.
v.
Perry, Adm'r.

deceased, for a demand due to his intestate from the intestate of Rankin & Honey. On the trial of the cause, the county court gave judgment against Perry. He then took a writ of error from the circuit court; and when the same was brought there, he assigned for error: 1. That there is no legal judgment in the case. 2. That there is no affidavit filed in the case by the plaintiff, as the law requires. 3. That the proceedings are irregular, &c. The defendants joined in error, and the court reversed the judgment in the case, and remanded it to the county court. Rankin & Honey appealed to this court.

A presented a claim against the administrator of B, in the county court, and the county court giving judgment against him, he took a writ of error from the circuit court, by which circuit court the judgment of the county court was reversed, and the writ remanded. Held, that this decision of the circuit court was such an one as could be appealed from.

Mr. Cole, of counsel for the defendant, Perry, has made a motion to dismiss the cause; because he alleges that the judgment of reversal of the circuit court, is not such judgment that a writ of error or appeal will lie from. This court think this objection is not well founded. The 7th section of the 7th article of the act to regulate practice at law, (Rev. Code, 470,) says, "every person aggrieved by any final judgment or decision of any circuit court, may appeal." The law regarding a writ of error is the same. It is most clear the decision must be final on the point, and the cause must, by that decision, or some other one in the cause, be disposed of before the same can be in a condition to be brought to this court.

In this case the decision was, that the defendants' decision in the county court be reversed. This decision destroyed the judgment which the defendants had in their favor; and if this judgment was erroneously reversed by the circuit court, the judgment reversing it should be reversed; then the effect will be to restore the judgment of the county court. I am, then, of opinion, the motion should be overruled.

This motion being overruled, the next inquiry is, did the circuit court of Jefferson county err in reversing the judgment of the county court? I think the circuit court did err in doing so. The first error assigned is, that the plaintiff, Perry, had not done his duty to entitle him to his suit; and now, that the judgment is against him, he wishes to take advantage of his own neglect, set the whole aside, and begin again. The law, as found in the 9th section of the 4th article of the administration act, (Rev. Code, 56,) declares, that "no county court shall allow any demand against any estate, unless the claimant first make oath in open court, or file an affidavit with such claim, that he has allowed all just credits," &c. By this,

The error assigned by the plaintiff in the circuit court was, that he (the plaintiff) had not filed an affidavit, in pursuance of the 9th sec. of the 4th art. of the administration act. If this be

we see the oath may be made in open court *ore tenus;* then it will not appear on record at all; or, if it suits his convenience better, he may, when he presents his claim, file the affidavit with the claim.  This is not intended to be the foundation of the plaintiff's cause of action, but is some security against unjust claims on dead men's estates. This security the court must take before they allow a claim; and if the claimant will not give it, the court must adjudge against him for that reason, if there be no other. If the court will do to the contrary, the other party may make this the subject of objection, and save the matter by a bill of exceptions.  But, in this case, if the plaintiff will not make the oath in open court, nor has not filed his affidavit, the court cannot but give judgment against him and disallow his claim.  There is no error on this point in the judgment of the county court.

The other objection to the decision of the county court is equally unfounded; it is, that the court had no power to give the judgment.  The third is general, and there is nothing in it.  The circuit court, therefore, erred in reversing the judgment of the county court, and the judgment of the circuit court is reversed, with costs, the other judges concurring herein.