Beal v. Harmon.

JAMES A. BEAL, Defendant in Error, v. ANTOINE HARMON, Plaintiff in Error.

38 435
165 395
38 435
92a 1437

1. *Guardians and Wards—Probate Courts—Jurisdiction.*—The County Court by the statute of 1845 had no jurisdiction to authorize a guardian to sell the real estate of his ward for his support, and a purchaser at such sale takes no title.

The power to sell given by the statute is to procure and complete the education of the minor—R. C. 1845, p. 551.

2. *Guardian and Ward — Conveyance.* — The guardian occupied a relation of trust towards his ward which precluded him from purchasing at his own sale, and the county clerk cannot execute to the guardian a deed for the premises sold.

3. *Husband and Wife — Conveyance—Ejectment.*—A deed executed by husband and wife, conveying the wife's real estate, although defectively acknowledged so as not to pass the fee of the wife, passes the husband's life estate, and is good to maintain or resist an action of ejectment.

4. *Ejectment—Title— Waste.*—To recover in ejectment, the plaintiff must show a legal interest and a right to the possession. The plaintiff can recover damages for waste committed only when he recovers in the ejectment.

*Error to Jefferson Circuit Court.*

*Pipkin & Thomas,* for plaintiff in error.

I. This is a suit in ejectment; and to entitle the plaintiff

to a recovery for waste, he must prevail in the action—R. C. 1855, p. 689, §§ 1, 2, 6, 7, 15, 16, 17.

The finding of the court presents the singular aspect of a judgment for the defendant as to the right of possession, and against him for damages to that possession. The decree of the court is repugnant; it cannot stand. Before the plaintiff in this action can prevail, he must show himself to have the better title to the possession than the defendant.

The court erred in not reforming the deed from Gamache and wife to Harmon, made on the 5th day of January, 1856, before Justice Crow. Beal had knowledge of the existence of this deed.

By the statute 1863–4, p. 27, it is enacted that a deed acknowledged by a married woman to her separate property, since the 1st day of January 1856, shall be valid and binding.

Beal, having acted as attorney for McMullen, the guardian of Amanda Wright, could not buy in a title adverse to that of his client—Hockenburg v. Carlisle, 5 Watts & S. 348; Galbraith v. Eldie, 8 Watts, 81.)

The court therefore, in consideration of these equities operating in favor of the defendant, should have reformed the deed as to all the parties, and especially as to Beal, who will not be permitted to take advantage of his own wrong.

"A court of equity will grant relief upon clear proof of a mistake, notwithstanding that mistake is to be made out by parol evidence"—1 Fonbl. Eq. ch. 3, § 11; 6 Ves. 332–3; 1 Sto. Eq. § 152 et seq.

*J. A. Beal*, for defendant in error.

I. The County Court had no authority to sell the real estate of a minor for a debt due the guardian. The court could only order a sale of the ward's estate by first making the necessary appropriations for the proper education of the minor out of the personal estate; and if that be insufficient, then to order the sale of the real estate—R. C. 1845, p. 551, § 22.

There is no power given the county courts to order a sale

for the ordinary debts of minors ; the guardian cannot charge the ward for board and clothing, and then sell the real estate for the debt he created for the ward—Wyatt v. Woods, 31 Mo. 351 ; 32 Mo. 489.

. The Probate Courts have no power to order sale of real estate except in those cases provided by law, and in compliance with the power given them—21 Mo. 598.

II. Courts of equity will not reform the deed of a married woman. Mrs. Gamache (formerly Amanda Wright) acknowledged her deed before a justice, which conveying no title, the court will not decree her to make a good title—29 Mo. 171 ; 30 Mo. 177 ; 28 Mo. 438-551.

Equity will not aid a defective acknowledgment of a married woman—18 Mo. 531 ; id. 544 ; 12 Mo. 544 ; R. C. 1855, p. 1577, 2 s. d. of § 6.

III. No one can apply to set aside the purchase by attorney from client except the client himself—5 John, 43-8 ; 14 John, 407-15 ; 2 John Ch. 252.

WAGNER, Judge, delivered the opinion of the court.

This was an action in ejectment brought in the Circuit Court of Jefferson county to recover certain tracts of land lying in that county, containing about sixty-five acres. The record discloses the facts to be, that the land was originally entered by Amanda Wright, a minor, whose guardian was one J. T. McMullen, and that he petitioned and obtained an order from the County Court of Jefferson county to sell the same for her maintenance and support. The land was duly appraised at the sum of one dollar and fifty cents per acre, and at the sale the guardian became the purchaser at and for the price of one dollar and ten cents per acre. The sale was approved by the court, and an order was made directing the clerk to make and execute a deed to the said guardian as the purchaser thereof; that McMullen afterwards sold the land to Ogle, who sold to Harmon the defendant, who is now in possession. The sale took place in 1847, and in 1849 Amanda Wright intermarried with one Gamache.

There was a mistake in the deed conveying the land from McMullen to Ogle and from Ogle to Harmon, so that all the land was not included, though it is clear that it was intended so to be. When the mistake was discovered, Harmon applied to Gamache and wife and Ogle to have it rectified, and finally paid eighty dollars in consideration that they would make him a new deed supplying the defects and omissions of the prior conveyance. Gamache and wife and Ogle all joined in this second conveyance, and the instrument was acknowledged before a justice of the peace in the county where the land was situated. This last deed was executed and acknowledged on the 5th day of January, 1856, but by the neglect or carelessness of the person drawing up the same it contained the same description only and embodied the same mistake which was committed in the first conveyance. Ogle was an ignorant man and could neither read nor write, and Harmon a German, unacquainted with our language. On the 1st day of November, 1860, Gamache and wife commenced this suit in ejectment, and subsequently sold their interest in the premises to Beal, who was substituted as plaintiff of record. Beal, it seems, was the attorney of McMullen the guardian, and advised and procured the order of sale in the county courts, and is alleged to have had full notice of the mistake in the subsequent transfers.

The court rendered a judgment reforming the deed so as to vest the land unintentionally omitted in Harmon, and then proceeded to adjudge that Harmon was entitled to the land during the life of Gamache, and that upon the death of Gamache he should surrender the premises to Beal, the legal owner of the fee; and also gave judgment in favor of Beal for seventy-five dollars for waste committed on the premises, and awarded execution therefor. From this judgment Harmon sued out his writ of error.

The proceedings in the County Court of Jefferson county, at the instance of McMullen the guardian, were void, and he took no title by purchase at the sale. The law then in force only authorized the County Court to order the sale

of real estate belonging to a minor to procure and complete the education of such minor, but no power was given to sell for support and maintenance. The guardian occupied a relation of trust and confidence towards his ward which precluded him from bidding or purchasing at the sale made and conducted by himself, and there was no warrant in law for the action of the court in directing the county clerk to execute to him a deed to the premises. No title, therefore, could be derived either through or from him.

But it is objected on the part of the defendant in error, that the deed made by Gamache and wife to Harmon on the 5th day of January, 1856, conveyed no title, because it was defectively acknowledged. The acknowledgment was taken before a justice of the peace, and the law at the time required that to pass the wife's estate the deed should be acknowledged before an officer of a court of record.

The plaintiff in error relies on an act of the Legislature approved February 15, 1864, by which it is provided that the acknowledgment of a married woman conveying her separate estate may be taken before any court, judge, justice, or clerk thereof, notary public, or any justice of the peace in the county within which the real estate conveyed is situated—Laws Mo. Adj. Sess. 1863, p. 27. And by the second section of the act, all such acknowledgments taken and certified by a notary public or justice of the peace, in due form of law, after the first day of January, 1856, were ratified and confirmed. We express no opinion as to the effect of the act concerning acknowledgments which were taken before its passage; but the deed was sufficient to convey the husband's life estate if it did not convey the fee, and such a title is good to maintain or resist an action of ejectment—Bryan v. Wear, 4 Mo. 106.

The defendant then held the premises under a legal title, with actual possession; and before a plaintiff can recover in ejectment, he must show both a legal interest and a *possessory title*—R. C. 1855, p. 689; 2 Greenl. Ev. § 303; Adams on Eject. 33. In ejectment, the plaintiff is only entitled to

recover for waste when he prevails in the action—R. C. 1855, p. 692, § 13.

The assessment of damages in this case, and the judgment as entered by the court, were wholly unauthorized, and it is therefore reversed and the cause remanded. The other judges concur.