## BLACKBURN et al., Appellants, v. BOLAN.

Sale of Lands of Minor: JURISDICTION. Under the revision of 1845 (R.. S., 1845, chap. 78, sec. 22) the county court did not have jurisdiction to order the sale of the land of a minor for the purpose of his support and maintenance, but only for the purpose of procuring and com pleting the education of such minor.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

The bill of exceptions in this case recites : "Plain-tiffs offered as the foundation of their title, the petition of Wm. Mockbee, curator of Charles Bramble, a minor, to the county court of St. Charles county, for the sale of the lands of said minor, including said lot in suit, the order of sale made by said court on December 16, 1853, the report of sale by said curator, approved by said court on March 14, 1854, and the deed made in pursuance of said sale by said curator to Samuel Overall, which evidence was objected to by defendant upon the ground that the said county court had no jurisdiction in the premises, and that the order of sale and all proceedings under it were absolutely null and void, and that the deed conveyed no title to the said lot—which objection was sustained by the court and said evidence excluded."

*C. Daudt* for appellants.

(1) The petition of the curator alleged that "the boy will hereafter require schooling also." The county court found the averment, that the boy needed school-ing, sufficient to assume jurisdiction, and however erro-neous its judgment may have been, it cannot be attacked in the collateral proceeding. *Strouse v. Drennan,* 41

81

Mo. 293. (2) The former decisions holding that an administrator or guardian sale approved at the same term when made, was an absolute nullity have been expressly overruled by the Supreme Court in *Murry v. Purdy*, 66 Mo. 606; *Johnson v. Beazley*, 65 Mo. 253; *Sims v. Gray*, 66 Mo. 614; *Wilkeson v. Allen*, 67 Mo. 503. (3) Although Charles Bramble resided without this state, the county court had jurisdiction to appoint a curator. Acts 1849, p. 55.

*Theodore Bruere* and *F. W. Hinman* for respondent.

(1) That neither a court of law, or of equity, has any inherent original jurisdiction to order the sale of the real estate of a minor, but that such jurisdiction rests entirely on the statutory law, has long been the settled doctrine in this country and in England. The court has no right to entertain a question of sale of such lands, independently of an authority from the legislature. Tyler on Infancy and Coverture, sec. 193, p. 296; *Garnstone v. Gaunt*, 1 Collyer, 577; *Rogers v. Dill*, 6 Hill (N. Y.) 415, 417; *Onderdonk v. Mott*, 34 Barb. 106. (2) The curator had no control over the support, maintenance, or education of his ward; his duties were confined to the care and management of his real estate, and he was not qualified to petition for the sale of real estate. (3) The statute only empowers the court to sell the real estate of the ward to "raise funds necessary to complete the education of the minor." The court's action in ordering the sale for the support and maintenance of the minor was *coram non judice*. *Bonaparte v. Lucas*, 21 Mo. 598; *Farrar v. Dean*, 24 Mo. 16; *Beal v. Harmon*, 38 Mo. 436; *Newcomb v. Smith*, 5 Ohio, 448.

SHERWOOD, J.—Action of ejectment to recover possession of lot 13, block 5, of St. Charles commons. The

circuit court did right in rejecting, when offered in evidence, the deed of the curator to Samuel Overall, the purchaser at the sale, and in rejecting, also, the record of the prior proceedings in the county court, which resulted in that deed being executed. Under the law as it stood at the time of the proceedings in question, the county court had no jurisdiction to order the sale of the land of a minor for the purpose of the support and maintenance of such minor, but only for the purpose of procuring and completing the education of such minor. *Beal v. Harmon*, 38 Mo. 436; *Strouse v. Drennan*, 41 Mo. 289.

The judgment of the court of appeals, affirming that of the circuit court, is, therefore, affirmed. All concur.